STATE EX REL CHAS L. HOLMES     STATE OF LOUISIANA

         VS              COURT OF APPEAL    No. 7686

ARMSTRONG DONALDSON, ET AL.    PARISH OF ORLEANS

# 7686

# OPINION.

St. Paul, Judge.

The relator accepted an offer by (one of) the respondents to purchase certain real estate. The respondents registered their offer and the acceptance thereof, as they had a right to do. Barfield vs Saunders, 116 La 136; Lehman vs Rice, 118 La 975.

Thereafter the relator agreed to sell the same property to a third person, who likewise registered HIS promise of sale. Respondents then called upon the Relator to complete the sale by the execution and delivery of a clear and unincumbered deed to the property, or in default thereof to return double the amount of the deposit which he (relator) had received; the one or the other of which relator was legally bound to do. C. C. 2462, 2463.

But relator failed, neglected, refused or was unable to do either the one or the other; and instead thereof, sued out this Mandamus to compel the Register of Conveyances to cancel the inscription of Respondents, offer to purchase, as "being withour any legal force and effect, and not authorized by law." The petition makes no mention whatever of the acceptance of said offer, counsel being then unaware of such acceptance, which though of record had escaped his attention.

234

## II.

The Relator having thus repudiated his obligation to make title to respondents, the latter thereupon brought suit against him for damages for breach of contract; to wit, for double the amount of the earnest money he had received, as they had a right to do. Legier vs Braughn, 123 La 463. And the record of the last mentioned suit having been introduced in evidence on the trial of this mandamus, it is now argued that this enlarged the pleadings; and that since respondent has elected to claim damages instead of demanding specific performance, the whole matter now resolves itself into a simple claim for money, and the promise of sale has no longer any place on the conveyance records.

## III.

As we have said, the promise of sale was properly registered. And if respondents had a right to register the contract at all, then necessarily the registry thereof must stand until the obligation thereof be extinguished, since the purpose of registry is precisely to render effective that very obligation.

But if a promise of sale be binding at all, it primarily binds the promisor to complete the sale (C. C. 2462), from which he may recede only by returning double the earnest money received by him (C. C. 2463). Hence the obligation to sell (if it ever existed) cannot be extinguished except by performance,

235

or by return of double the earnest money; and until that obligation be extinguished the registry must stand.

We have been careful to say only that relator is apparently bound by his promise of sale. This is because we are speaking only of what appears on the face of the paper itself. Of course we know nothing of the merits of respondent's claim, which neither does nor can arise in this case. State ex rel Drew vs Myatt, 122 La 974; Willis vs Wassey, 41 An 694; Raymond vs Villere, 42 An 488.

The judgment appealed from is therefore affirmed.

New Orleans La, February    1920.